FILED

2007 OCT 12 AM 9:07

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____CP_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONZO L. GILLINS<br><br>Plaintiff,<br><br>v.<br><br>MARTEN TRANSPORT.<br><br>Defendant. | CASE NO: 07-CV-1941 W (RBB)<br><br>ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. NO. 2] AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL [DOC. NO. 3] |

On October 4, 2007, Plaintiff Alfonzo L. Gillins commenced this action against Defendant Marten Transport. Plaintiff now seeks *in forma pauperis* ("IFP") status and appointment of counsel. For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP motion, but **DENIES** the request for appointment of counsel.

I. **MOTION FOR LEAVE TO PROCEED IFP**

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). Rather, to satisfy the

requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339.

At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." See United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (quotations omitted).

Having read and considered the papers submitted, the Court finds that Plaintiff has satisfied the requirements for IFP status under 28 U.S.C. § 1915. According to his declaration, Plaintiff has been unemployed since January 30, 2007 (Decl., ¶2), has a bank account that is overdrawn (Id., ¶4), and is not receiving social security, disability or money from any other source (Id., ¶3). Accordingly, Plaintiff has established that he is indigent. The Court, therefore, **GRANTS** Plaintiff's application to proceed IFP.

//
//

## II. REQUEST FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in employment-discrimination cases. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). District courts have discretion, however, to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B); Brown v. Cont'l Can Co., 765 F.2d 810, 814 (9th Cir. 1985). In exercising that discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y, 662 F.2d 1301, 1318 (9th Cir. 1981).

Here, given the Court's determination that Plaintiff may proceed IFP, he clearly satisfies the financial requisite for appointment of counsel. See Ivey, 673 F.2d at 269 (holding that the financial requisite for appointment of counsel is less stringent than for granting IFP status). This factor, therefore, weighs in favor of granting Plaintiff's request.

As for the second factor, Plaintiff contends that he sought legal assistance from the NAACP, the Urban League, the Legal Aid Society and three private attorneys. The first two organizations, however, do not provide legal services. Additionally, although Plaintiff does not identify when he met with the Legal Aid Society, Plaintiff met with the three private attorneys on August 28, 2007. While a litigant does not need to "exhaust the legal directory as a prerequisite to the appointment of counsel," the Court does not believe that spending a little more than one afternoon looking for legal assistance constitutes a diligent search for an attorney. See Bradshaw, 662 F.2d at 1319 (to be eligible for appointed counsel, a litigant must make "a reasonably diligent effort under the circumstances to obtain counsel."). Finally, the Court notes that there is also no indication in Plaintiff's application that he ever attempted to explore obtaining counsel on a contingency basis. Under these circumstances, the Court finds that Plaintiff has not made a reasonably diligent effort to obtain counsel.

As for the third factor, it weighs heavily in favor of denying Plaintiff's request for appointment of counsel. According to the EEOC's right to sue letter, the EEOC could

not review the merits of Plaintiff's claim because he failed to comply with the statutory deadlines for presenting a claim. Additionally, based on the allegations in the Complaint, it is doubtful that Plaintiff has stated a valid Title VII claim. Plaintiff appears to allege that after complaining about wages, he "took a few days off from work vacation time–time off." (Compl., p.1.) Next he alleges that he took additional time off after becoming "very ill with a toothache. . . ." (Id.) Based on these allegations, it is unlikely that Plaintiff's claim is meritorious. Accordingly, his request for appointment of counsel is denied.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2], and **DENIES** the Request for Appointment of Counsel [Doc. No. 3]. In light of the Court's ruling on Plaintiff's Motion to Proceed IFP, the Court orders as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on October 4, 2007 and an accompanying Summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATE: October 11, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

- 4 -

07cv1941w